# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

BRAD PAUL SMITH
ADC #660448                                                                               PLAINTIFF

v.                                    3:23-cv-00140-DPM-JJV

FELECIA M. BELL, Sergeant,
Grimes Unit, ADC, *et al*.                                                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   DISCUSSION

Brad Paul Smith ("Plaintiff"), who is a prisoner in the Arkansas Division of Correction, has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. Prior to filing this lawsuit, he accumulated three strikes as defined by 28 U.S.C. § 1915(g).[1] Thus, Plaintiff can proceed *in forma pauperis* only if he is in imminent danger of serious physical injury. Or, he must pay the filing fee in full.

---

[1] *See Smith v. Gibson,* 5:19-cv-00332-KGB (E.D. Ark. Sept. 30, 2020); *Smith v. Scott,* 5:17-cv-00222-BSM (E.D. Ark. Nov. 17, 2017); *Smith v. Brooks,* 5:17-cv-00226-BSM (E.D. Ark. Oct. 31, 2017);

In his Complaint, Plaintiff says on May 28, 2023, Sergeant Bell called him a snitch in front of other prisoners. (Doc. 2.) When Sergeants Talley, Sergeant Jaramillo, and Captain Cantrell tried to discuss the matter with Plaintiff, he refused to do so without the presence of a witness. At that point, Captain Cantrell allegedly cursed Plaintiff, told him to kneel, and directed Sergeants Talley and Jaramillo to restrain Plaintiff and take him to a shower in isolation. Plaintiff says as the shower door was closing, he told the Sergeants to "hold up" and put his right hand in the way. According to Plaintiff, Sergeants Talley and Jaramillo "slammed" the door on his hand and said: "Maybe you'll think twice before doing [it] again and next time we'll break it." (*Id*. at 6.) According to Plaintiff, Sergeants Talley and Jaramillo denied him medical care until the next day, at which time x-rays revealed he had "severe tissue damage" that is still causing him pain today. (*Id*.)

As explained in more detail in my June 20, 2023 Order, I concluded these allegations, albeit concerning, do not satisfy the imminent danger exception for several reasons. (Doc. 3.) First, Plaintiff is not saying Defendants refused to put inmates on his enemy alert list, denied his request for protective custody, or otherwise ignored his safety concerns about being called a snitch. Instead, he concedes they attempted to discuss the matter with him, although not in the manner he demanded. Second, Plaintiff's allegations regarding Defendants Jaramillo and Talley slamming his hand in the door involve prior wrongful conduct, and there is no indication it will be repeated unless Plaintiff again intentionally puts his hand in a door to prevent it from being closed. Finally, Plaintiff does not claim any of the Defendants are personally involved in an ongoing lack of adequate medical care. (Doc. 3). In sum, nothing in the Complaint suggests Plaintiff is facing an ongoing risk of imminent danger. *See Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Accordingly, I denied Plaintiff's *in forma pauperis*

application, gave him twenty-one days to pay the filing fee in full, and cautioned him I would recommend dismissal if he did not timely do so.

Plaintiff has not complied with my instructions, and the time for doing so has expired. Therefore, I recommend the Complaint be dismissed without prejudice. If Plaintiff wishes to proceed with this action, he must pay the $402 fee in full with his objections to this Recommendation.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 17th day of July 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE