IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRAD PAUL SMITH
ADC #660448                                                                                               PLAINTIFF

v.                                           3:23-cv-00140-DPM-JJV

FELECIA M. BELL,
Sergeant, Grimes Unit, ADC                                                                  DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.    INTRODUCTION

Brad Paul Smith ("Plaintiff") is a prisoner proceeding *pro se* in this lawsuit seeking relief under 42 U.S.C. § 1983. Defendant Bell has filed a Motion for Judgment on the Pleadings arguing this case should be dismissed without prejudice because it is duplicative of a claim raised against her in another pending lawsuit. (Docs. 35-36.) Plaintiff has filed a Response. (Doc. 37). After careful review and consideration, I recommend the Motion be GRANTED, and this case DISMISSED without prejudice.

II.   DISCUSSION

On June 14, 2023, Plaintiff filed the Complaint in this lawsuit ("*Smith I*") alleging, among

other things, that Defendant Bell failed to protect him from harm, in violation of the Eighth Amendment, by calling him a snitch in front of other prisoners on May 28, 2023. (Doc. 2.) During screening, the Court dismissed all other claims and Defendants. (Doc. 17.) While doing so, the Court noted Plaintiff admitted he did not exhaust administrative remedies prior to filing the lawsuit, cautioned Plaintiff that error could result in the dismissal of his claim against Defendant Bell, and decided to leave the issue open for further development. (*Id*.) Thereafter, service on Defendant Bell took some time because she no longer works for the ADC. Thus, the current deadlines in *Smith I* are December 20, 2024 for completion of discovery and January 20, 2025 for dispositive motions. (Doc. 30.)

On January 22, 2024, Plaintiff filed *Smith v. Hurst*, 3:34-cv-00009-DPM-ERE (*Smith II*), alleging, Defendant Bell violated the Eighth Amendment by calling him a snitch in front of other prisoners on May 28, 2023, and thereafter. (Docs. 2, 8.) Plaintiff also added claims that other defendants failed to protect him from harm, which resulted in him being attacked by prisoners on several occasions. (*Id*.) *Smith II* has progressed quicker. The issue of exhaustion has already been resolved with Defendant Bell not seeking dismissal because Plaintiff fully exhausted his grievance against her on August 3, 2023, which was after he filed *Smith I* but before he filed *Smith II*.[1] (*Smith I*, Doc. 35-1) (*Smith II*, Docs. 38, 42). In *Smith II*, the discovery deadline is November 8, 2024, and dispositive motions are due December 18, 2024. (Doc. 43.)

It is well settled a prisoner cannot have duplicative claims pending in two separate lawsuits. *See Patel v. Prince,* No. 07–1939, 2008 WL 1931236, at *1 (8th Cir. May 5, 2008) (court may dismiss a duplicative prisoner action as frivolous); *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th

---

[1] In contrast, Court dismissed Plaintiff's failure to protect claim against one of the additional defendants. (Doc. 42).

2

Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"). When this occurs, it is this District's general practice to close the later filed case.

However, I recommend *Smith I* be closed, rather than *Smith II*, because: (1) Plaintiff is proceeding *in forma pauperis* and has requested jury trials in both cases; (2) exhaustion has already been decided beneficially to Plaintiff in *Smith II;* (3) the parties are further along in the development of *Smith II*; and (4) it would be more efficient for the parties, Court, and potential jurors to have all of Plaintiff's related claims stemming from the May 28, 2023 incident resolved in one lawsuit. See 28 U.S.C. § 1915(e)(2)(B)(i) (if a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" that it is "frivolous").

Although it is difficult to decipher, Plaintiff seems to be objecting to dismissal because he believes the claims pending in the two cases are different. (*Smith I,* Doc. 37.) But he is mistaken. Although he attempted to raise other claims in *Smith I*, they were dismissed during screening. (*Smith I*, Docs. 2, 17.) Plaintiff's only remaining claim against Defendant Bell in *Smith I* has been reasserted, along with other related claims, in *Smith II*. (*Smith II*, Doc. 8.) Thus, Plaintiff will not be harmed by the dismissal of *Smith I.*

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Defendant's Motion for Judgment on the Pleadings (Doc. 35) be GRANTED, Plaintiff's failure to protect claim against Defendant Bell in *Smith I* be DISMISSED WITHOUT PREJUDICE, and this duplicative action be CLOSED.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not

be taken in good faith.

DATED this 9th day of September 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE